(Official Form B1, P1, 9-01)

**Blumberg**Excelsior, Publisher, NYC 10013

# 22063619

| UNITED STATES BANKRUPTCY COURT | Western DISTRICT OF New York | **Voluntary Petition** |
|---|---|---|

| Name of Debtor(If individual, enter Last, First, Middle):<br>Jenks, Joelle | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by debtor in the last 6 years<br>(include married, maiden and trade names): | All Other Names used by the joint debtor in the last 6 years<br>(include married, maiden and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all):<br>3102 | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. and street, city, state, zip):<br>7959 Wiscoy Road<br>Portgageville, NY 14536 | Street Address of Joint Debtor (No. and Street, City, State, Zip Code):<br><br>04 - 10766 |
| County of Residence or of the<br>Principal Place of Business:<br>Wyoming | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (If different from street address)<br>P.O. Box 319<br>Portageville, New York 14536 | Mailing Address of Joint Debtor (If different from street address): |
| Location of Principal Assets of Business Debtor<br>(If different from addresses listed above) | |

## Information Regarding the Debtor  (Check the Applicable Boxes)

Venue: (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

| **Type of Debtor** (Check all applicable box) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☑ Individual(s) | ☐ Railroad | ☑ Chapter 7    ☐ Chapter 11    ☐ Chapter 13 | |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304-Case ancillary to foreign proceeding | |
| ☐ Other | | | |

**Nature of Debts** (Check one box)

☑ Consumer/Non-business    ☐ Business

**Chapter 11, Small Business** (Check all boxes that apply)

☐ Debtor is a small business as defined in 11 U.S.C. § 101

☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Filing Fee** (Check one box)

☑ Filing fee attached.

☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Offical Form No.3.

## Statistical/Administrative Information (Estimates Only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

U.S. BANKRUPTCY COURT WDNY-ROCHESTER
04 FEB -5 PM 1:49
FILED

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets (Check one box)

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts (Check one box)

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |


| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Jenks, Joelle |

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| | | |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)
Date: 01/28/04

X _____
    Signature of Attorney for Debtor(s)
Charles C. Welch
Printed Name of Attorney for Debtor(s)
Law Office of Charles C. Welch
Firm Name
1722 Lake Road, P.O. Box 165
Address
Hamlin, New York 14464

585-964-3950
Telephone Number
Date: 01/28/04

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he or she) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____  01/28/04
    Signature of Attorney for Debtor(s)       Date

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☐ ■ No

### Signature(s) of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Authorized Individual by Debtor to File this Petition
Date:

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. §110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X _____
    Signature of Bankruptcy Petition Preparer
Date:

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. §156.



**Form B6 SUM W (11-95)**

BlumbergExcelsior. Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT Western DISTRICT OF New York

In re: Jenks, Joelle

Debtor(s)   Case No.                    (if known)

See summary below for the list of schedules.  Include Unsworn Declaration under Penalty of Perjury at the end.

GENERAL INSTRUCTIONS:  Schedules D, E and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and  J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | X | 1 | 0.00 | | |
| B - Personal Property | X | 4 | 1,813.12 | | |
| C - Property Claimed as Exempt | X | 2 | | | |
| D - Creditors Holding Secured Claims | X | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | X | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | X | 6 | | 30,205.94 | |
| G - Executory Contracts and Unexpired Leases | X | 1 | | | |
| H - Codebtors | X | 1 | | | |
| I - Current Income of Individual Debtor(s) | X | 1 | | | 569.78 |
| J - Current Expenditures of Individual Debtor(s) | X | 1 | | | 1,860.00 |
| Total Number of Sheets of All Schedules | | 19 | | | |
| Total Assets | | | 1,813.12 | | |
| Total Liabilities | | | | 30,205.94 | |

Form B6 A W (12-95)

BlumbergExcelsior, Publisher, NYC 10013

In re:  Jenks, Joelle                                    Debtor(s)   Case No.                      (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |
| | | Total -> | 0.00 | (Report also on Summary of Schedules) |

Blumberg's Law Products
Established 1887

Form B6 B W (11-95)

**Blumberg**Excelsior, Publisher, NYC 10013

In re: Jenks, Joelle      Debtor(s)   Case No.      (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1   Cash on hand | | Ordinary cash on hand. | | 3.50 |
| 2   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | HSBC Checking Account # 535764464 | | 20.42 |
| | | ESL Federal Credit Union Checking Account # 83588-10 ( Account is frozen) | | 8.32 |
| | | Savings Account ESL Federal Credit Union, Account # 83588-17 (Account is Frozen) | | 4.88 |
| | | HSBC Savings Account # 518469123 | | 1.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    $

_____ X _____ continuation sheets attached

Established 1887   Form B6 B W (11-95)

In re:   Jenks, Joelle

Debtor(s)   Case No.

(if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3  Security Deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 4  Household goods and furnishings including audio, video, and computer equipment. | | Ordinary household goods to include bedroom, living room, and dining room furniture and utensils | | 150.00 |
| 5  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6  Wearing apparel. | | Ordinary wearing apparel | | 200.00 |
| 7  Furs and jewelry. | X | | | |
| 8  Firearms and sports, photographic and other hobby equipment. | X | | | |
| 9  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10  Annuities. Itemize and name each issuer. | X | | | |
| 11  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12  Stock and interest in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13  Interest in partnerships or joint ventures. Itemize. | X | | | |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)   Total ->   $

_____   X   continuation sheets attached

In re:  Jenks, Joelle                                      Debtor(s)  Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15  Accounts receivable. | X | | | |
| 16  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17  Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19  Contingent and non-contingent interests in estate of a descendent, death benefit plan, life insurance policy or trust. | X | | | |
| 20  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | X | | | |
| 21  Patents, copyrights, and other general intellectual property. Give particulars. | X | | | |
| 22  Licenses, franchises, and other general intangible. Give particulars. | X | | | |
| 23  Automobiles, trucks, trailers, and other vehicles and accessories. | | 1990 Chevrolet Truck w/145,000 miles in poor condition | | 1,425.00 |
| 24  Boats, motors, and accessories. | X | | | |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)   Total ->   $

___X___  continuation sheets attached

BlumbergExcelsior, Publisher, NYC 10013

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25  Aircraft and accessories. | X | | | |
| 26  Office equipment, furnishings, and supplies. | X | | | |
| 27  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28  Inventory. | X | | | |
| 29  Animals. | X | | | |
| 30  Crops-growing or harvested. Give particulars. | X | | | |
| 31  Farming equipment and implements. | X | | | |
| 32  Farm supplies, chemicals and feed. | X | | | |
| 33  Other personal property of any kind not already listed. Itemize. | X | | | |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)      Total ->   $      1,813.12

_____  continuation sheets attached

Form B6 C W (11-95)

BlumbergExcelsior. Publisher, NYC 10013

In re: Jenks, Joelle

Debtor(s)  Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one Box).

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C.§ 522(d).  Note:  These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Ordinary cash on hand. | N.Y. Debt. & Cred. Law # 283 Bank Deposits | 3.50 | 3.50 |
| HSBC Checking Account # 535764464 | N.Y. Debt. & Cred. Law # 283 Bank Deposits | 20.42 | 20.42 |
| ESL Federal Credit Union Checking Account # 83588-10 Account is frozen) | N.Y. Debt. & Cred. Law # 283 Bank Deposits | 8.32 | 8.32 |
| Savings Account ESL Federal Credit Union, Account # 83588-17 (Account is Frozen) | N.Y. Debt. & Cred. Law # 283 Bank Deposits | 4.88 | 4.88 |

In re: Jenks, Joelle                                        Debtor(s)   Case No.                              (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one Box).

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C.§ 522(d).  Note:  These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| HSBC Savings Account # 518469123 | N.Y. Debt. & Cred. Law # 283 Bank Deposits | 1.00 | 1.00 |
| Ordinary household goods to include bedroom, living room, and dining room furniture and utensils | CPLR # 5205(a)(5) Wearing Apparel, Household Furniture, Refrigerator, Radio, TV, Crockery, Tableware and Cooking Utensils. | 150.00 | 150.00 |
| Ordinary wearing apparel | CPLR # 5205(a)(5) Wearing Apparel, Household Furniture, Refrigerator, Radio, TV, Crockery, Tableware and Cooking Utensils. | 200.00 | 200.00 |
| 1990 Chevrolet Truck w/145, 000 miles in poor condition | N.Y. Debt. & Cred. Law # 282(iii)(1) Motor Vehicles | 1,425.00 | 1,425.00 |

Blumberg Excelsior. Publisher. NYC 10013

Form B6 D W (11-95)

In re: Jenks, Joelle   Debtor(s)   Case No.   (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐■ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |

| | | |
|---|---|---|
| Subtotal -> (Total of this page) | 0.00 | |
| Total -> | 0.00 | |

_____Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.   (Report total also on Summary of Schedules)

Form B6 E W (Rev 4/98)

BlumbergExcelsior, Publisher, NYC 10013

In re: Jenks, Joelle                    Debtor(s)   Case No.                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐■Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4300 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extentprovided in 11 U.S.C. § 507(a)(3)

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $4300 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $1950 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6)

☐ **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(8).

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | CUD* |
|---|---|---|---|---|---|---|
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |

|  |  |  |
|---|---|---|
| Subtotal -> (Total of this page) | | 0.00 |

___x___ Continuation Sheets attached.

| Total -> (use only on last page of the completed Schedule E.) | |
|---|---|

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.     (Report total also on Summary of Schedules)

In re: __Jenks, Joelle_____ ,       Case No. _____
                 Debtor                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. I a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent,place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place "X" in the column labeled ' Disputed". (You may need to place an "X" in more than one of these three columns).

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Angela Leverson<br>5707 E. Lake Road<br>Conecius, NY 14435 | | W | Judgement issued by Clarkson Town Court in 1999 for past due rent | | | | 1,000.00 |
| ACCOUNT NO. 2335<br>Citibank/CCSI<br>Bankruptcy Recovery Dept.<br>Attn: Diana Ekis<br>7920 NW 110 St. POB 20487<br>Kansas City, MO 64195-9904 | | | consumer goods, debt was incurred in 2001, Judgement granted 03/03 | | | | 8,357.79 |
| ACCOUNT NO. 3588<br>ESL Federal Credit Union<br>Attn: Janet Burt, LSD<br>100 Kings Hwy., S.<br>Suite 1200<br>Rochester, New York 14617-9974 | | | Balance owed on auto loan for vehicle that was voluntarily repossessed in June 2003 | | | | 8,092.70 |
| ACCOUNT NO.<br>ESL Federal Credit Union<br>Attn: Janet Burt, LSD<br>100 Kings Hwy., S.<br>Suite 1200<br>Rochester, New York 14617-9974 | | | value owed for vehicle that was voluntarily repossessed in August 2003 | | | | 6,097.18 |
| ACCOUNT NO. 5200<br>Frontier Telephon of Rochester<br>Att: J. Coyne/A. Lembaris<br>Bankruptcy Clerk<br>180 S. Clinton Ave.<br>Rochester, NY 14646-0300 | | | debt was incurred in 02/01 for consumer services | | | | 388.92 |

Subtotal  $        23,936.59

X
——————— cor tinuation sheets attached.

Total  $

(Use only on last page of completed Schedule F.)

FORM B6F    **Blumberg**Excelsior, Publisher, NYC 10013

In re:  Jenks, Joelle _____ ,    Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3626 <br> General Environmental Technica <br> P.o. Box 76 <br> Spencerport, NY 14559 | | | consumer services, debt was incurred in 2001 | | | | 86.47 |
| ACCOUNT NO. 0968 <br> Genesee Valley Family Medicine <br> 118 Main Street <br> P.O. Box 99 <br> Mt. Morris, NY 14510 | | | medical services rendered on 5/00 | | | | 195.00 |
| ACCOUNT NO. <br><br> Jacqueline Crans <br> 105 N. Main Street <br> Mt. Morris New York 14510 | | | Judgement entered July 25th, 2001 for past due rent in Mt. Morris Town Court | | | | 1,470.00 |
| ACCOUNT NO. 4497,0417, <br> Lakeside Memorial Hospital <br> 156 West Ave. <br> Brockport, NY 14420 | | | debt was incurred 09/01-01/02 for medical services for son | | | | 231.00 |
| ACCOUNT NO. 0418 & 881-8 <br> Lakeside Memorial Hospital <br> 156 West Ave. <br> Brockport, NY 14420 | | | Medical services rendered on 10/95-9/02 | | | | 157.27 |
| ACCOUNT NO. 7261 <br> Lakeside Memorial Hospital <br> 156 West Ave. <br> Brockport, New York 14420 | | | medical services rendered 9/200 | | | | 153.31 |
| ACCOUNT NO. 4999 & 0419 <br> Lakeside Memorial Hospital <br> 156 West Ave. <br> Brockport, New York 14420 | | | medical services rendered, debt was incurred in 200 | | | | 1,067.30 |

| | Subtotal | $ | 3,360.35 |
|---|---|---|---|
| | Total | $ | |

____X____ continuation sheets attached.

(Use only on last page of completed Schedule F.)

FORM B6F

**Blumberg**Excelsior, Publisher, NYC 10013

In re: __Jenks, Joelle_____ ,   Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4473,0413, <br> Lakeside Memorial Hospital <br> 156 West Ave. <br> Brockport, New York 14420 | | | medical services rendered for son, Joshua, from 08/01-12/01 | | | | 94.00 |
| ACCOUNT NO. 4494,5317 <br> Lakeside Memorial Hospital <br> 156 West Ave. <br> Brockport, New York 14420 | | | Debt was incurred for medical services rendered for son Joshua on 9/2001, 1/2002 & 9/02 | | | | 231.00 |
| ACCOUNT NO. 7490 & 0410 <br> Lakeside Memorial Hospital <br> 156 West Ave. <br> Brockport, New York 14420 | | | medical services rendered 11/18/99 & 9/17/1999 | | | | 96.95 |
| ACCOUNT NO. 8815 <br> Mercantile Adjustment Bureau <br> P.O. Box 9315A <br> Rochester, New York 14604-0999 | | | collection agency for ESL for vehicle that was voluntarily repossessed June 2003 | | | | 1.00 |
| ACCOUNT NO. 5209 <br> Mercantile Adjustment Bureau <br> P.O. Box 9315A <br> Rochester, New York 14604-0999 | | | debt collection agency for Strong Memorial for medical services rendered in 2002 | | | | 1.00 |
| ACCOUNT NO. 5061 <br> Noyes Memorial Hospital <br> 111 Clara Barton Street <br> Dansville, NY 14437 | | | Medical services rendered debt was incurred in 2003 | | | | 36.00 |
| ACCOUNT NO. 6729 <br> Noyes Memorial Hospital <br> 111 Clara Barton Street <br> Dansville, NY 14437 | | | medical services rendered, debt was incurred in 2003 | | | | 21.00 |

Subtotal $ 480.95

Total $

___X___ continuation sheets attached.     (Use only on last page of completed Schedule F.)

 
In re: Jenks, Joelle _____ , Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3102 <br><br> Noyes Memorial Hospital <br> 111 Clara Barton Street <br> Dansville, NY 14437 | | | debt was incurred 5/03 for medical services rendered for daughter | | | | 21.00 |
| ACCOUNT NO. 9959 <br><br> Noyes Memorial Hospital <br> 111 Clara Barton Street <br> Dansville, NY 14437 | | | medical services rendered 7/03 for son | | | | 21.00 |
| ACCOUNT NO. 5501 <br><br> Noyes Memorial Hospital <br> 111 Clara Barton Street <br> Dansville, NY 14437 | | | medical services rendered, debt was incurred in 12/02 | | | | 49.62 |
| ACCOUNT NO. 0703 <br><br> Park Ridge Hospital <br> 125 Indigo Creek Dr. <br> Rochester, New York 14626 | | | debt was incurred for medical services rendered 11/03 | | | | 68.58 |
| ACCOUNT NO. 7678 <br><br> Providian <br> P.O. Box 9016 <br> Pleasanton, CA 94566-9016 | | | debt was incurred for consumer goods, debt was incurred in 2000 | | | | 165.97 |
| ACCOUNT NO. 7695 <br><br> RG&E <br> 89 East Ave. <br> Rochester, NY 14649-0001 | | | consumer services debt was incurred in 2000 | | | | 1,584.72 |
| ACCOUNT NO. 4990 <br><br> SEARS <br> Bankruptcy Recovery <br> P.O. Box 3671 <br> DesMoines, IA 50322 | | | consumer goods , debt was incurred in 2001 | | | | 85.04 |

Subtotal $ 1,995.93

Total $

———— X ———— continuation sheets attached.

(Use only on last page of completed Schedule F.)


Established 1887

**FORM B6F**    BlumbergExcelsior, Publisher, NYC 10013

In re: Jenks, Joelle _____ ,    Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0355 <br> Strong Health <br> Church Street Station <br> P.O. Box 6772 <br> New York New York 10249 | | | debt was incurred for medical services rendered 12/31/02 | | | | 13.00 |
| ACCOUNT NO. 3601 <br> Strong Health <br> Church Street Station <br> P.O. Box 6772 <br> New York, NY 10249-6772 | | | debt was incurred 6/02 for medical services rendered | | | | 115.00 |
| ACCOUNT NO. 5501 <br> Strong Health <br> Church Street Station <br> P.O. Box 6772 <br> New York, NY 10249-6772 | | | debt was incurred for medical services rendered on 03/03 | | | | 13.00 |
| ACCOUNT NO. 2088 <br> Strong Health <br> Church Street Station <br> P.O. Box 6772 <br> New York, NY 10249-6772 <br> Re: John Norante, MD. | | | medical services rendered for son on 8/00 | | | | 30.00 |
| ACCOUNT NO. 4946 <br> Strong Health <br> Church Street station <br> P.O. Box 6772 <br> New York, NY 10246-6772 | | | debt was incurred 3/03 for medical services rendered | | | | 15.00 |
| ACCOUNT NO. 4534 <br> Strong Health <br> P.O. Box 278998 <br> Rochester, New York 14627-8998 | | | debt was incurred in 09/02 for medical services rendered | | | | 15.00 |
| ACCOUNT NO. 9164 <br> TSI <br> 500 Commerce Boulevard <br> Rohnert Park, CA 94928-1651 | | | collection agency for Elizabeth Wende Breast Clinic | | | | 1.00 |
| | | | | | | Subtotal | $ 202.00 |
| | | | | | | Total | $ |

X
—— continuation sheets attached.    (Use only on last page of completed Schedule F.)

FORM B6F    BlumbergExcelsior, Publisher, NYC 10013

In re: Jenks, Joelle _____ ,    Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9164<br>The Elizabeth Wende Breast<br>170 Sawgrass Drive<br>Rochester, NY 14620-4648 | | | medical services rendered, debt was incurred 6/03 | | | | 35.00 |
| ACCOUNT NO. 9164<br>Transworld Systems, Inc.<br>6255 Sheridan Drive #200<br>Amherst, NY 14221 | | | collection agency for Elizabeth Wende Breast Clinic | | | | 1.00 |
| ACCOUNT NO. 2335<br>Upton Cohen & Slamowitz<br>485 Underhill Blvd.<br>Syosset, NY 11791 | | | consumer goods, debt was incurred in 2002, Attorney for Creditor | | | | 1.00 |
| ACCOUNT NO. 558563870098675262<br>VERIZON<br>AU: Bankruptcy Specialist<br>6360 Thompson Road<br>POB 6360 Fir: 1<br>Syracuse, NY 13206 | | | consumer services, debt was incurred in 2003 | | | | 193.12 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

|  |  |
|---|---|
| Subtotal | $ 230.12 |
| Total | $ 30,205.94 |

_____ continuation sheets attached.    (Use only on last page of completed Schedule F.)



Form B6 G W (11-95)

Blumberg Excelsior, Publisher, NYC 10013

In re: Jenks, Joelle

Debtor(s)   Case No.                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

**Blumberg**Excelsior, Publisher, NYC 10013

Form B6 H W (11-95)

In re: Jenks, Joelle

Debtor(s)    Case No.                    (if known)

## SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

 

In re:    Jenks, Joelle

Debtor(s)   Case No. _____ (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Marital Status<br>Divorced | NAMES | AGE<br>9<br>8<br>5 | RELATIONSHIP<br>Daughter<br>Son<br>Son |

| Employment | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Disabled | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

Income: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary,and commissions (pro rate if not paid monthly.) | $ 0.00 | $ 0.00 |
| Estimate monthly overtime | 0.00 | 0.00 |
| SUBTOTAL | $ 0.00 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 0.00 | 0.00 |
| b. Insurance | 0.00 | 0.00 |
| c. Union dues | 0.00 | 0.00 |
| d. Other (Specify) | 0.00 | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| | | |
| Regular income from operation of business or profession or farm | | |
| (attach detailed statement) | 0.00 | 0.00 |
| Income from real property | 0.00 | 0.00 |
| Interest and dividends | 0.00 | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's | | |
| use or that of dependents listed above. | 569.78 | 0.00 |
| Social security or other government assistance (Specify) | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| Pension or retirement income | 0.00 | 0.00 |
| Other monthly income (Specify) | | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| TOTAL MONTHLY INCOME | $ 569.78 | $ 0.00 |

TOTAL COMBINED MONTHLY INCOME    $ _____ 569.78    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:



BlumbergExcelsior, Publisher, NYC 10013

**Form B6 J W (11-95)**

In re: Jenks, Joelle

Debtor(s)   Case No.                              (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $           400.00 |
| Are real estate taxes included? ☐ Yes ☐ No   Is property insurance included? ☐ Yes ☐ No | |
| Utilities  Electricity and Heating Fuel | 0.00 |
| Water and Sewer | 35.00 |
| Telephone | 60.00 |
| Other | 0.00 |
| | 0.00 |
| | 0.00 |
| Home maintenance (repairs and upkeep) | 0.00 |
| Food | 560.00 |
| Clothing | 50.00 |
| Laundry and dry cleaning | 100.00 |
| Medical and dental expenses | 75.00 |
| Transportation (not including car payments) | 300.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | 200.00 |
| Charitable contributions | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | 0.00 |
| Life | 0.00 |
| Health | 0.00 |
| Auto | 80.00 |
| Other | |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) | 0.00 |
| | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | $ |
| Auto | $           0.00 |
| Other | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| Alimony, maintenance, and support paid to others | 0.00 |
| Payments for support of additional dependents not living at your home | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | 0.00 |
| Other | |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $        1,860.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly income | 569.78 |
| B. Total projected monthly expenses | 1,860.00 |
| C. Excess income (A minus B) | $       -1,290.22 |
| D. Total amount to be paid into plan each | $           0.00 |
| (Interval) | |



In re: Jenks, Joelle

Debtor(s)  Case No. _____ (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____19_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

(Total shown on summary page plus 1.)

Date    01/29/04

Signature_____  Debtor
Jenks, Joelle

Date

Signature_____
(Joint Debtor, if any)

(if joint case, both spouses must sign.)

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer              Social Security Number

_____
Address

Names and Social Security numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          _____
Signature of Bankruptcy Petition Preparer                        Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____(corporation or partnership) named as debtor in this case,declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___19_____sheets, and that they are true and correct to the best of my knowledge, information, and belief.

(Total shown on summary page plus 1.)

Date

Signature_____

(Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.

Form 7W Stmt. of Financial Affairs (12-95)

BlumbergExcelsior, Publisher, NYC 10013

# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT

Western**DISTRICT OF** New York

In re: Jenks, Joelle

Debtor(s)   Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business with in the last 6 years, as defined below, also must complete Qu the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

---

NONE

|   | 1. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| 7,136.57 | income from employment for the year 2003 |
| 19,057.00 | Income from employment for the year 2002 |


In re: Jenks, Joelle

Debtor(s)   Case No.              (if known)

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

## DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 01/29/04               Signature _____
                                      Jenks, Joelle              Debtor

Date                        Signature _____
                                              (Joint Debtor, if any)
                            (if joint case, both spouses must sign.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____        _____
Printed or Typed Name of Bankruptcy Petition Preparer        Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____        _____
Signature of Bankruptcy Petition Preparer        Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Continuation sheets attached

Date _____        Signature _____

                                      (Print or type name of individual signing on behalf of debtor.)
                    (An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY:
Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.

**Form 7W Stmt. of Financial Affairs (12-95)**

**Blumberg**Excelsior, Publisher, NYC 10013

# STATEMENT OF FINANCIAL AFFAIRS

### UNITED STATES BANKRUPTCY COURT

Western**DISTRICT OF**   New York

In re:  Jenks, Joelle

Debtor(s)   Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business with in the last 6 years, as defined below, also must complete Qu the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS
"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

---

NONE

| | 1. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|--------|---------|
| 7,136.57 | income from employment for the year 2003 |
| 19,057.00 | Income from employment for the year 2002 |

NONE

| | 2. INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the amount of income received by the debtor other than employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| 638.90 | Income from Disability for the year 2003 |
| 2,000.00 | Income received from child support for the year 2002 |
| 6,837.36 | Income received from child support for the year 2003 |
| 569.78 | Income received from child support year to date |

NONE

|X| 3A. PAYMENTS TO CREDITORS

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| 3B. PAYMENTS TO CREDITORS

List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

| | 4A. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Citibank Vs. Joelle Jenks | Debt Collection | Supreme Court | Judgement rendered |

NONE

|X| 4B. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS

Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

| | 5. REPOSSESSIONS, FORECLOSURES, AND RETURNS

List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| ESL Federal Credit Union 100 Kings Highway South Rochester, New York | 7/23/2003 | 1997 Cutlass Oldsmobile that was voluntarily surrendered. |
| ESL Federal Credit Union 100 Kings Highway South Rochester, New York | 8/23/2003 | 1998 TransSport Van that was voluntarily surrendered. |

NONE

|X| 6A. ASSIGNMENTS AND RECEIVERSHIPS

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## |X| 6B. ASSIGNMENTS AND RECEIVERSHIPS

List all property which has been in the hands of a custodian, receiver, or court appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## |X| 7. GIFTS

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## |X| 8. LOSSES

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## |X| 9. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

NONE

## | | 10. OTHER TRANSFERS

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Martin Kelly<br>432 East State St.<br>Albion, NY 14470 | 12/23/2003 | 88 Buick Regal, No value received |

NONE

## |X| 11. CLOSED FINANCIAL ACCOUNTS

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## |X| 12. SAFE DEPOSIT BOX

List each safe deposit or other box or depository in which the debt has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed .)

NONE

## |X| 13. SETOFFS

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## |X| 14. PROPERTY HELD FOR ANOTHER PERSON

List all property owned by another person that the debtor holds or controls.

NONE

## | | 15. PRIOR ADDRESS OF DEBTOR

If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 432 East State Street, Albion, NY | Same | 2001-2002 |
| 4737 S. Manning Road Holley, NY 14470 | Same | 2003 |
| 7959 Wiscoy Road Portageville, NY 14536 | Same | December 2003 to present |
| 89 Public Square Holley, New York | Same | 2002 |

NONE

## |X| 16. SPOUSES AND FORMER SPOUSES

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides with the debtor in the community property state.

NONE

## |X| 17A. ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

NONE

## |X| 17B. ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE

## |X| 17C. ENVIRONMENTAL INFORMATION

List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NONE

## |X| 18A. NATURE, LOCATION, AND NAME OF BUSINESS

If the debtor is an individual, list the names, addresses, taxpayer indentification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

NONE

## |X| 18B. NATURE, LOCATION, AND NAME OF BUSINESS

Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.



3085W Stmt of Comp.:
Rule 2016(b) (12-95)

# UNITED STATES BANKRUPTCY COURT  Western **DISTRICT OF**  New York

In re: Jenks, Joelle

Debtor(s)  Case No.  (if known)

## STATEMENT
### Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this Case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a) for legal services rendered or to be rendered in comtemplation of and in connection with this case    $    650.00

    (b) prior to filing this statement, debtor(s) have paid    $    650.00

    (c) the unpaid balance due and payable is    $    0.00

(3) $    209.00    of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:

    (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.

    (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and

Nothing else.

(6) The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

Nothing Else.

(7) The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

Not Applicable.

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:

not Applicable.

Dated:    01/29/04      Respectfully submitted, Charles C. Welch    **Attorney for Petitioner**

**Attorney's name and address**   1722 Lake Road, P.O. Box 165, Hamlin, NY 14464

Angela Leverson
5707 E. Lake Road
Conecius, NY 14435


Citibank/CCSI
Bankruptcy Recovery Dept.
Attn:  Diana Ekis
7920 NW 110 St. POB 20487
Kansas City, MO 64195-9904

ESL Federal Credit Union
Attn:  Janet Burt, LSD
100 Kings Hwy., S.
Suite 1200
Rochester, New York 14617-9974

Frontier Telephon of Rochester
Att:  J. Coyne/A. Lembaris
Bankruptcy Clerk
180 S. Clinton Ave.
Rochester, NY 14646-0300

General Environmental Technica
P.o. Box 76
Spencerport, NY 14559


Genesee Valley Family Medicine
118 Main Street
P.O. Box 99
Mt. Morris, NY 14510


Jacqueline Crans
105 N. Main Street
Mt. Morris New York 14510


Lakeside Memorial Hospital
156 West Ave.
Brockport, NY 14420


Mercantile Adjustment Bureau
P.O. Box 9315A
Rochester, New York 14604-0999

Noyes Memorial Hospital
111 Clara Barton Street
Dansville, NY 14437


Park Ridge Hospital
125 Indigo Creek Dr.
Rochester, New York 14626


Providian
P.O. Box 9016
Pleasanton, CA 94566-9016


RG&E
89 East Ave.
Rochester, NY 14649-0001


SEARS
Bankruptcy Recovery
P.O. Box 3671
DesMoines, IA 50322


Strong Health
Church Street Station
P.O. Box 6772
New York, NY 10249-6772
Re: John Norante, MD.

TSI
500 Commerce Boulevard
Rohnert Park, CA 94928-1651


The Elizabeth Wende Breast
170 Sawgrass Drive
Rochester, NY 14620-4648


Transworld Systems, Inc.
6255 Sheridan Drive #200
Amherst, NY 14221

Upton Cohen & Slamowitz
485 Underhill Blvd.
Syosset, NY 11791


VERIZON
AU: Bankruptcy Specialist
6360 Thompson Road
POB 6360 Fir: 1
Syracuse, NY 13206